

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-92,864-01

### EX PARTE IGNACIO ZARATEGARCIA, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. W19-75223-T(A) IN THE 283RD DISTRICT COURT FROM DALLAS COUNTY

*Per curiam*.

### O R D E R

Applicant pleaded guilty pursuant to a plea agreement to aggravated sexual assault of a child and was sentenced to twenty-five years' imprisonment. He filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that he was denied his right to an appeal because counsel failed to timely file a notice of appeal, despite having been told by Applicant that he wanted to pursue a direct appeal. Although Applicant apparently waived his right to appeal as part of the plea agreement, the plea proceedings in this case took place after the US Supreme Court had handed down its opinion in *Garza v. Idaho*. In that case, the Court held that when an attorney performed deficiently in failing

to file a notice of appeal despite the defendant's express instructions, prejudice is presumed regardless of whether a defendant has signed an appeal waiver. *Garza v. Idaho*, 139 S. Ct. 738, 749-50 (2019).

Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Axel*, 757 S.W.2d 369 (Tex. Crim. App. 1988); *Jones v. State*, 98 S.W.3d 700 (Tex. Crim. App. 2003). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel[1] to respond to Applicant's claim. Specifically, trial counsel shall state whether Applicant expressed to him a desire to appeal, and if so, why trial counsel did not timelyA file notice of appeal on his behalf. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether Applicant was denied his right to an appeal because trial counsel failed to timely file a notice of appeal. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claim.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's

---

[1] If a defendant decides to appeal his conviction, trial counsel rather than appellate counsel has the duty to ensure that written notice of appeal is filed with the trial court. *Jones*, 98 S.W.3d at 703.

findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: July 28, 2021
Do not publish